482 So.2d 540 (1986)
George BATTLES, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1751.
District Court of Appeal of Florida, Third District.
February 4, 1986.
Bennett H. Brummer, Public Defender, and Gitlitz, Keegan, & Dittmar and James D. Keegan, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Jacki B. Geartner, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
PER CURIAM.
Appellant Battles challenges concurrent life sentences imposed by the court upon his convictions, following trial, of one count of burglary and two counts of robbery. He contends that (a) life sentences imposed without possibility of parole are so greatly disproportionate to the 15 year sentences offered him in exchange for a guilty plea that they constitute an impermissible penalty on the exercise of his constitutional right to a jury trial; (b) life sentences without possibility of parole are cruel and unusual punishment; (c) two of the court's three reasons for departing from the sentencing guidelines are invalid; and (d) the guidelines under which he was sentenced are unconstitutional. Because we agree that the trial court's stated reasons for departing from the guidelines do not justify the sentences, we reverse and remand for resentencing.
The trial court specified three reasons for departing from the guidelines;[*] however, at least one of the reasons was *541 based on defendant's prior convictions and another was based on an inherent component of the crime charged. Thus, the stated reasons are not sufficient to justify the departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985).
The Florida supreme court announced the procedure to be followed in these circumstances. Albritton v. State, 476 So.2d 158, 160 (Fla. 1985). "[W]hen a departure sentence is grounded on both valid and invalid reasons[,] ... the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the sentence." We find that the state failed to meet its burden and that resentencing is mandated.
Furthermore, we note that when the sentence imposed is vastly harsher than the sentence offered in exchange for a guilty plea, the court must justify the more severe sentence to avoid any inference of vindictiveness for defendant's assertion of constitutional rights. Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983), on remand sub nom. Frazier v. State, 467 So.2d 447 (Fla. 3d DCA), review dismissed, 475 So.2d 694 (Fla. 1985). There is no legally acceptable justification contained in the trial judge's articulated reasons for the extent of his departure from the plea offer.
We therefore reverse and remand for resentencing without prejudice to the presentation in the trial court of a challenge to the constitutionality of the guidelines.
Reversed and remanded.
NOTES
[*] The judge's reasons for departure were:

"1) Proximity in time of release from prison on prior sentence [imposed by] this court and [defendant's] commission [of] this crime show[s] lack of rehabilitation and danger to society.
2) Increasing severity of crimes.
3) Nature of crime re: age [of] victims and danger to them."