483 So.2d 854 (1986)
Frank HOLLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1052.
District Court of Appeal of Florida, Fifth District.
February 27, 1986.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
*855 COWART, Judge.
Appellant pled guilty to burglay of a dwelling (§ 810.02(3), Fla. Stat. (1983)) and grand theft of a motor vehicle (§ 812.014, Fla. Stat. (1983)). The recommended guideline sentence was any non-state prison sanction. The trial judge sought to impose a guideline conforming sentence of ten years probation with conditions of 270 days jail confinement, appellant obtaining his general education diploma, and appellant paying $15 for the crime compensation trust fund, $20 a month cost of probation supervision, $250 attorney's fees, $150 restitution, and a $1,000 fine. Although the trial judge explained to appellant that he could make installment payments of the $1,000 fine over the ten year probationary period, appellant and his counsel indicated appellant did not feel he would be able to make the monetary payments required by the probation conditions. Appellant explained, "I been laid off. I don't have no job. I can't pay all that money." Appellant's protestations were taken to indicate that he was turning down the privilege of being placed on probation and, accordingly, the trial court imposed prison sentences of seven and five years concurrently. Appellant exclaimed, "You didn't tell me nothing like that."
The trial court justified the departure sentence on the basis that appellant did not want to be on probation and did not want to pay the fine or restitution.
Probation and community control by their nature do require the cooperation of the defendant who has the power to defeat the success of such rehabilitative programs. Accordingly, we decline to hold that when the sanctions are within a recommended guideline sentence and appear to be an appropriate sentencing disposition that a trial judge may not depart from the recommended sentence when defendant refuses to cooperate as to these forms of non-state prison sanction.
However, in this case, it appears to us from the record that the defendant, age 19, was not prepared for the conditions of probation and was overwhelmed by the amount of the money he was required to pay and by his own appraisal of his inability to make those payments and reacted improvidently with lack of advice as to the possible alternatives. Had the defendant not been so honest and had not expressed his view of his own financial inability and had accepted probation and had immediately intentionally violated it, under the guidelines (Fla.R.Crim.P. 3.701(d)(14)), his sentence could have been enhanced only one cell block to community control or 12-30 months incarceration. The sentence in this case appears to have occurred as a result of reactions at sentencing, and we feel justice would be served by the sentence being vacated and appellant being fully advised of his legal position and of the possible alternatives to probation (of which he is probably now well aware) and that he be clearly given an election between the recommended guideline sentence of any non-state prison sanction and a sentence one cell block upward.
The sentence imposed is vacated and the cause remanded for resentencing.
SENTENCE VACATED; REMANDED.
DAUKSCH and UPCHURCH, JJ., concur.