GLICKSTEIN, Judge,
concurring specialty-
I write so the remaining members of this court and the other district courts of appeal can compare the factual underpinnings of our decision to those of seemingly similar cases that come before them for review.
The trial court’s order recites, in part:
1. The Court, in sentencing the Defendant pursuant to his request to be sentenced pursuant to the new sentencing guidelines, hereby determines that the Court must depart from the recommended guidelines range in sentencing this Defendant.
2. The Court is of the opinion that a departure is necessary because the Defendant committed a crime while out pending the disposition of the charges in this case, thus establishing a pattern of committing new crimes. See Fleming v. State, 456 So.2d 1300 (2 DCA 1984); Swain v. State, 455 So.2d 533 (1 DCA 1984).
3. The Court has also considered as a reason for departing the increasing seriousness and violence of the acts for which the Defendant has been convicted.
4. Additionally, the Court is of the opinion that the Defendant has shown complete disregard for the juvenile system, the State correctional system, and the criminal justice system as a whole by his repeated criminal activity, including the crime committed during the pendency of this case.
We are following the lead of the Second District Court of Appeal in Dorado v. State, 482 So.2d 561, 562 (Fla. 2d DCA 1986), and similar cases thereafter. We may well be in conflict with the Third District Court of Appeal in Battles v. State, 482 So.2d 540 (Fla. 3d DCA 1986).