521 So.2d 185 (1988)
Lawrence MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-3023.
District Court of Appeal of Florida, Fourth District.
February 10, 1988.
*186 Richard L. Jorandby, Public Defender, and Thomas F. Ball, III, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Lawrence Mitchell appeals his departure sentence, ascribing vindictiveness to the trial court which Mitchell alleges was engendered by his decision to go to trial rather than accept a plea bargain in which the trial court participated.
Appellant was charged by information with one count of robbery with a weapon, one count of simple battery and one count of resisting arrest without violence. Trial by jury commenced on October 16, 1986. After the testimony of Ms. Jordan, the victim of the crime and the state's first witness, defense counsel inquired of the trial court as to a possibility of a plea bargain. The trial court asked about the appellant's prior record. The prosecutor was amenable and provided an NCIC (National Computer Information Center) report for the trial court to examine. The trial court examined the report and questioned appellant about his parole status. The prosecutor offered to forego filing for habitual offender status or moving for departure from the guidelines sentence if appellant intended to enter a plea. The trial court agreed to sentence appellant at the top of the guidelines range of 7 to 9 years if the state would not file for habitual offender status. Against the advice of counsel, appellant rejected this offer and requested that the trial proceed. For the record, the trial court then stated
that the offer made was based upon entry of a plea at this time and based upon the state's indication that they would not be seeking  if he entered a plea now that they would not be seeking any aggravation and not be seeking a habitual offender status. Obviously, the court's position would be  could very well be entirely different at the conclusion of the trial should appropriate motions be filed.
Appellant was found guilty as charged on the robbery count, but was acquitted of the other counts. On November 26, 1986, the trial court sentenced him to 12 years in prison. The guidelines range was 5 1/2 to 7 years. The trial court filed written reasons supporting departure (offense committed within 3 months of release from custody for prior offense, and escalating nature of defendant's record). No objection was made by defense counsel to the departure.
Appellant argues that the trial court sentenced appellant to 12 years without any information other than that which the court considered when offering the mid-trial plea bargain of 7 to 9 years, and that the disparity is a vindictive penalty for his rejection of the plea and the exercise of his right to a trial by jury.
Preliminarily, the state argues that the issue was not preserved for review by contemporaneous objection. In State v. Rhoden, 448 So.2d 1013 (Fla. 1984), the court held that sentencing errors may be raised on appeal even though not preserved by contemporaneous objection. In State v. Whitfield, 487 So.2d 1045 (Fla. 1986), however, the court explained that Rhoden and its progeny rested on the ground that the absence of statutorily mandated findings rendered the imposed sentences illegal, *187 there being no statutory authority for those sentences. The court went on to hold that sentencing errors which do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines require a contemporaneous objection if they are to be preserved for appeal. Id. at 1046.
In Dailey v. State, 488 So.2d 532 (Fla. 1986), the court held that the contemporaneous objection rule applies to preclude appellate review of an alleged sentencing error under the guidelines where the error involves factual matters that are not apparent or determinable from the record on appeal, but that sentencing errors which are apparent from the four corners of the record may be reviewed on appeal even in the absence of a contemporaneous objection.
The state argues that the sentence imposed is legal and that review would involve a factual matter which is not apparent or determinable from the record; therefore, the matter was not properly preserved for appeal. We disagree. The existence of an error in situations such as this, where the appellant alleges judicial vindictiveness, will ordinarily be apparent from the four corners of the record on appeal and requires no evidentiary determinations by the trial court. (In Dailey, the defendant alleged that points were improperly added to the guidelines form because he was not under legal constraint at the time of the original offense and because there was no supporting evidence for the victim injury scoring.)
The Whitfield analysis of the Rhoden line of cases and the subsequent decision in Dailey all deal with sentencing under the guidelines, and the necessity of making the appropriate findings to support imposition of a guidelines sentence or a departure therefrom. The requirement of a contemporaneous objection is imposed in order to give the trial court an opportunity to rule on any underlying factual matters which have an effect on the sentence. We have found no cases which deal with the necessity of making a contemporaneous objection when the defendant feels he has been the victim of judicial vindictiveness.
The sentence imposed here is, on its face, valid and therefore any latent irregularity would appear to require a contemporaneous objection in order to be properly preserved for review under Whitfield. However, we hold that the presence of vindictiveness in sentencing a defendant would be so unfair as to amount to fundamental error. Therefore, we determine that, under these circumstances, counsel's failure to timely object should not preclude appellate review. The issue, then, is whether that factor affected the sentence here.
An accused may not be subjected to more severe punishment for exercising his constitutional right to stand trial. Gallucci v. State, 371 So.2d 148 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1194 (Fla. 1980). However, plea bargaining is an approved method of encouraging guilty pleas by offering a defendant "the certainty of a lesser punishment or the possibility of a more severe punishment." United States v. Carter, 804 F.2d 508, 513 (9th Cir.1986), quoting from Frank v. Blackburn, 646 F.2d 873, 878 (5th Cir.1980).
When an accused voluntarily chooses to reject or withdraw from a plea bargain, he retains no right to the rejected sentence. Having rejected the offer of a lesser sentence, he assumes the risk of receiving a harsher sentence. Frazier v. State, 467 So.2d 447 (Fla. 3d DCA), rev. dismissed, 475 So.2d 694 (Fla. 1985).
In sum, the defendant cannot be heard to complain if the fact that his sentence is greater than the plea offer is the result, not of the assertion of his rights, but of his rejection of the proposed agreement and of the fair conclusion as to his punishment which the court has the consequent ability to render. See United States v. Lippert, 740 F.2d 457 (6th Cir.1984); Frank v. Blackburn, 646 F.2d at 885; Martin v. Blackburn, 606 F.2d 92 (5th Cir. 1979), cert. denied, 446 U.S. 911, 100 S.Ct. 1841, 64 L.Ed.2d 265 (1980); United States v. Cunningham, 529 F.2d 884, 888 (6th Cir.1976). Indeed, were the rule otherwise, and as defense *188 counsel in this case explicitly recognized, all plea negotiations would necessarily be futile, since a defendant like Frazier could reject any offer with riskless impunity in the certain knowledge that, even if the jury found against him, the offer represents the outer limits of his possible exposure. But just as the Constitution does not forbid plea bargaining, it cannot be deemed to require  as it would if Frazier's position were accepted  the destruction of the process through the elimination of the shared understanding of its essential elements which forms its very foundation.
[I]t stretches our credulity to think that one who declines to plead guilty with a recommended sentence acceptable to the court should nevertheless be given the benefits of a bargain available to, but rejected by, him.

United States v. Resnick, 483 F.2d 354, 358 (5th Cir.1973), cert. denied, 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed. 246 (1973); People v. Davis [93 Ill. App.3d 187 at 195], 48 Ill.Dec. [657] at 663, 416 N.E.2d 1179 at 1185; People v. Morgan, 59 Ill.2d 276, 281-82, 319 N.E.2d 764, 767-68 (1974).
Id. at 450, 451.
However, when the trial judge is involved with the plea bargaining, and a harsher sentence follows the breakdown in negotiations, the record must show that no improper weight was given the failure to plead guilty. United States v. Stockwell, 472 F.2d 1186, 1187-88 (9th Cir.), cert. denied, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973); Battles v. State, 482 So.2d 540 (Fla. 3d DCA 1986). See also Frazier, 467 So.2d at 449, n. 5.
The appellant argues that since the trial judge was involved in this plea negotiation a presumption of vindictiveness attaches which requires this court to remand for resentencing. In support of this argument appellant relies on this court's decision in Gallucci, 371 So.2d at 148. In that case the appellant's counsel called the trial court's attention to certain remarks of the prosecutor contained in the presentence investigation report, which suggested that the appellant be sentenced to the maximum jail term because he had rejected a negotiated plea involving a one-year jail term prior to trial. The prosecutor urged that once appellant had his jury trial, he should not get a better deal from the judge, since he was found guilty. The appellant argued that this was vindictive, and requested probation. The court denied probation and stated at the sentencing hearing that, after a jury trial, probation will be denied unless "it is very, very odd and weird circumstances." This court remanded, based on that statement, which on its face implied that those who demand a trial will be treated differently than those who do not.
There is no comparable statement made by the trial court in this case. The court made the following offer in response to the appellant's inquiry: "My inclination on an open plea, based upon the prior record and what I've heard, would more than likely be toward the top end of the guideline if the State's not filing a habitual offender."
The appellant rejected this offer after being advised to accept by his counsel who, on the record, advised him that the court "can aggravate his sentence to the statutory maximum and can on motion by the prosecution, if he's convicted, double his sentence." The trial judge then clarified for the record that the offer was based upon the entry of the plea, and upon the state's indication that they would not be seeking any aggravation. Further, the court's position "could very well be entirely different at the conclusion of the trial should appropriate motions be filed." (emphasis added).
Furthermore, at the sentencing hearing, no mention was made by the trial court of the previous negotiations. The trial court received an updated presentence investigation report from the corrections probation officer, who recommended that a sentence of 6 1/2 years be imposed. The appellant's guidelines scoresheet indicated a range of 5 1/2 to 7 years. The trial court sentenced him to 12 years, basing the departure on two reasons, both of which are valid: (1) the crime was committed less than three months from the date of his release from *189 custody for a similar offense, see Nixon v. State, 494 So.2d 222 (Fla. 1st DCA 1986), and (2) the escalating nature of his offenses, see Keys v. State, 500 So.2d 134 (Fla. 1986).
The appellant correctly notes that the due process clause prohibits trial judges from vindictively penalizing criminal defendants for exercising their constitutional right to elect trial by jury. He relies in part on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), where the Supreme Court held that when a defendant, at his behest, has had his original trial set aside and has been retried and convicted, neither the double jeopardy provision nor the equal protection clause impose an absolute bar to a more severe sentence upon reconviction. The court noted that it would indeed be a flagrant violation of the fourteenth amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside; and that in order to prevent this, when a harsher sentence is imposed, the reasons must affirmatively appear on the record.
In Frazier, 467 So.2d at 447, the Pearce case and its progeny were held to be inapplicable to the situation where, as here, the defendant has rejected a plea offer and elected to go to trial, in contrast to a defendant successfully attacking his original conviction and, after being reindicted by the prosecutor, reconvicted. Relying on Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the court stated that in the give and take of a plea bargaining situation, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the offer.
The appellant also relies heavily on United States v. Stockwell, 472 F.2d at 1186. In that case the district judge told the defendant before trial that if he pleaded guilty to one count he would receive a three-year sentence, but that if he chose to stand trial and was convicted he would receive a five to seven-year sentence. The defendant elected to stand trial, was convicted, and was given concurrent seven-year sentences. The court said that the record left an unrebutted inference that the defendant was punished with a longer sentence for electing to stand trial. The sentence could not be sustained even though it was well within the statutory range of penalties and ordinarily would not be subject to review. The court went on to say that once it appeared in the record that the trial judge had taken a hand in plea bargaining, that a tentative sentence had been discussed, and that a harsher sentence had followed a breakdown in negotiations, the record had to show that no improper weight was given the failure to plead guilty.
The appellant argues that this case cannot survive a Stockwell analysis because the disparity between the offered sentence and the sentence imposed, while not conclusive of vindictiveness, is a factor to consider. Appellant relies on the holding in Battles v. State, 482 So.2d at 540, where the court held that where the sentence imposed is vastly more harsh than the sentence offered in exchange for a guilty plea, the court must justify the more severe sentence to avoid any inference of vindictiveness for the defendant's assertion of constitutional rights. Since the reasons given for departure from the guidelines in Battles were invalid, they were also not a legally acceptable justification for the substantial departure from the plea offer.
Applying the Stockwell rule (the record must affirmatively show that the court sentenced the defendant solely upon the facts of his case and his personal history, and not as punishment for his refusal to plead guilty) in the instant case, it is apparent that there is nothing on this record that can be construed as evidencing a vindictive motive in sentencing appellant. The offer given mid-trial was based upon the state's agreement not to seek habitual offender status. The appellant freely rejected the offer. The jury returned a verdict of guilty and the state moved for aggravation of the guidelines sentence. The trial judge *190 made no remarks which would give any indication that the harsher sentence was being imposed as a punitive measure for rejecting the previous offer. Unlike Gallucci, where the remark by the judge, on its face, indicated that those who elected to stand trial would be treated more harshly, there are no such comments here which even remotely indicate a vindictive motive.
Appellant also argues that since the information that formed the basis for the departure from the sentencing guidelines was before the judge when he made the plea offer, it cannot serve as a basis for the increase in the sentence. In support of this argument he cites United States v. Carter, 795 F.2d 1460 (9th Cir.), modified, 804 F.2d 508 (9th Cir.1986). Appellant's reliance on Carter is misplaced. There, the court was faced with the appellants' argument that they were penalized for exercising their constitutional right to stand trial because the court imposed five ten-year concurrent sentences plus restitution compared with a three-year term of imprisonment agreed to in the plea bargain. They argued that nothing new had happened since the offer was made, other than, of course, the assertion of the statutory right to withdraw the pleas and the constitutional right to go to trial; therefore, the sentence imposed should not have been greater than the plea agreement sentence. The court rejected that argument, stating that when a defendant voluntarily chooses to reject or withdraw from a plea bargain, he retains no right to the rejected sentence. If defendants could demand the same sentence after standing trial that was offered in exchange for a guilty plea, all incentives to plead guilty would disappear. Defendants would lose nothing by going to trial. Id. at 513. Additionally, here, as earlier noted, the departure from the guidelines sentence is supported by valid reasons.
In summary, appellant's argument that he was improperly penalized for rejecting the mid-trial plea offer is without merit. There is nothing in the record that supports an inference of vindictiveness. Absent a demonstration by the defendant of judicial vindictiveness or punitive action, a defendant may not complain simply because he received a heavier sentence after trial. A disparity between the sentence received and the earlier offer will not alone support a finding of vindictiveness. Hitchcock v. Wainwright, 770 F.2d 1514 (11th Cir.1985), reversed on other grounds, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). Additionally, there are no comments which on their face would support a presumption of judicial vindictiveness such as were found by this court in Gallucci. When a defendant voluntarily chooses to reject or withdraw from a plea bargain, he retains no right to the rejected sentence. Having rejected the offer of a lesser sentence, he assumes the risk of receiving a harsher sentence. Were it otherwise, plea bargaining would be futile.
AFFIRMED.
LETTS and WALDEN, JJ., concur.