522 So.2d 1022 (1988)
Tyrone WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1061.
District Court of Appeal of Florida, Fifth District.
March 31, 1988.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Williams was given the guidelines recommended sentence of "any non-state prison sanction" when he received a sentence of five years on probation, conditioned upon serving 364 days in jail and payment of various costs and fines. However, at the sentencing hearing, Williams steadfastly declared that he did not want to be placed on probation because he wanted to leave the country and he did not think he could pay the fines and costs of probation. We vacate the sentence.
In Holley v. State, 483 So.2d 854 (Fla. 5th DCA 1986), we held that if a defendant refused to cooperate or accept probation or community control when that was the recommended sentence [any non-state prison sanction], then the court could depart upward one cell, provided that the defendant was advised of possible alternatives, and "was clearly given an election between the recommended guideline sentence of any non-state prison sanction and a sentence one cell block upward." 483 So.2d at 855.[1]
*1023 Accordingly, we vacate the sentence and remand for resentencing pursuant to Holley.
SENTENCE VACATED; REMANDED.
DAUKSCH and DANIEL, JJ., concur.
NOTES
[1] Judicial economy is thereby ensured since violation of probation can result only in a one-cell departure upwards (12-30 months incarceration). Fla.R.Crim.P. 3.701.d.14.