542 So.2d 443 (1989)
Henry E. WOODS Appellant,
v.
STATE of Florida, Appellee.
No. 88-1234.
District Court of Appeal of Florida, Fifth District.
April 27, 1989.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Henry Eugene Woods, entered a plea of nolo contendere to a grand theft charge. In return for the plea, the state dropped a burglary count and recommended withholding of adjudication and a two-year probationary term. At the time of the plea, the trial court explained to Woods that he could receive a prison sentence up to five years.
The guidelines sentencing cell was any nonstate prison sanction. Woods requested that he be sentenced to time served and not be given a term of probation, so that he would be free to leave Florida without any legal encumbrances. The trial court, however, imposed a probationary term of five years.
On appeal, Woods contends that since he represented to the court that he was not a viable candidate for probation, it was error for the trial court to force probation on him, even if this meant an incarcerative term of up to 30 months "within the next higher guidelines cell." According to Woods, a defendant has the right to reject probation and it was error for the trial court not to allow him to do so. Woods relies upon two cases in support of his position: Williams v. State, 522 So.2d 1022 (Fla. 5th DCA 1988) and Holley v. State, 483 So.2d 854 (Fla. 5th DCA 1986).
In Holley we held that if a defendant refused to cooperate or accept probation or community control when that was the recommended sentence (any nonstate prison sanction), then the court could depart upward one cell, provided that the defendant was advised of possible alternatives, and "was clearly given an election between the recommended guideline sentence of any nonstate prison sanction and a sentence *444 one cell block upward." Holley at 855; Williams at 1022.
Those cases are somewhat different from the problem presented by Woods. Our concern in the prior case was that the defendant be fully apprised by the trial court of the possibility of a one-cell departure upward (12-30 months incarceration) pursuant to Florida Rule of Criminal Procedure 3.701.d.14, prior to being allowed to reject probation and receive a sentence of incarceration harsher than he had anticipated. We did not hold in either case that an informed defendant has the absolute right to elect incarceration over probation, or vice versa.
In the instant case we are not dealing with a youthful offender who was "overwhelmed" by his inability to make monetary payments required by the court and "reacted improvidently with lack of advice as to the possible alternatives." Holley at 855. Holley was protesting his uninformed loss of probation; here, Woods was fully informed and is demanding extended incarceration in lieu of probation. The trial court, not the defendant, is the one with that ultimate option.
AFFIRMED.
DAUKSCH and DANIEL, JJ., concur.