SHARP, Judge,
dissenting.
While the reasons articulated by the trial judge for an upwards departure are indeed valid and sustained by the record, all but one were known to the trial judge when he imposed the first sentence of 30 months, followed by I2V2 years of probation. After this sentence was announced, Phillips’ attorney stated that Phillips preferred that the judge “go up” one bracket and impose a “departure sentence” which did not entail any time on probation. Defense counsel relied on our decisions in Holley v. State, 483 So.2d 854 (Fla. 5th DCA 1986) and Williams v. State, 522 So.2d 1022 (Fla. 5th DCA 1988). These cases dealt with the claimed right of a defendant to reject probation and receive a sentence in the next higher sentencing bracket — an interpretation which we subsequently clearly rejected. See Woods v. State, 542 So.2d 443 (Fla. 5th DCA 1989).
The trial judge adjourned the sentencing hearing to read Holley and Williams. He also asked the state to furnish him information as to the time span between Phillips’ release from prison and his commission of the burglary and theft offense. A few days later, the sentencing hearing concluded with a much harsher sentence for Phillips — ten years incarceration followed by five years probation. The only new reason for departure the trial judge acquired in the interim was knowledge of the exact time lapse between Phillips’ most recent release from prison and the commission of this current burglary and theft offense for which he was being sentenced.
Initially, the state argues that the issue of vindictiveness cannot be raised on appeal because it was not preserved by a contemporaneous objection at sentencing. I agree with our sister court in Mitchell v. State, 521 So.2d 185 (Fla. 4th DCA 1988) that vindictiveness in sentencing is not the kind of sentencing error that must be preserved by contemporaneous objection. Normally such error will appear from the four corners of the record, and if properly shown, it is so unfair as to constitute fundamental error. Mitchell.
The state also argues that the doctrine of judicial vindictiveness in subsequent sentencing should not apply to this case because Phillips had no right to reject probation and insist upon a different sentence. All the cases I have found deal with harsh *58 er sentences after a defendant has rejected a plea and gone to trial[1] or after a retrial on remand.[2] However, cases applying the principle espoused in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) are not limited to specific categories. See Hyde v. State, 438 So.2d 1078 (Pla. 1st DCA 1983).
Here it appears to me that the trial judge failed to articulate his reasons for imposing such an increased sentence, given the fact that three of the four reasons were known to the trial judge when he imposed the first guidelines sentence. The extreme escalation in severity of sentences, for one reason alone, is prima facie suspect. Since the record fails to disclose any basis to rule out vindictiveness, pursuant to Pearce, I would quash the sentence and remand for resen-tencing. In such case, the trial court could either reimpose the first sentence of 30 months plus 12½ years probation, or spell out for the record the identifiable conduct on the part of Phillips occurring after the original sentence that justifies the increased sentence. See Battles v. State, 482 So.2d 540 (Fla. 3d DCA 1986); Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983).

. See, e.g., Alabama v. Smith, — U.S.-, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983).

. See, e.g., North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Pilgrim v. State, 516 So.2d 75 (Fla. 5th DCA 1987); Lyttle v. State, 352 So.2d 942 (Fla. 2d DCA 1977), cert. denied, 357 So.2d 186 (Fla.1978).