PER CURIAM.
The defendants Leonardo Tirado and Antonio Gonzalez appeal from two consecutive five-year sentences for two counts of grand theft. Both sentences constituted departures from the sentencing guidelines. The written reason given by the trial court for this departure was that the defendants had “waived [the sentencing] guidelines” in that they “refused to accept probation or community control.” We reverse and remand the cause for resentencing within the sentencing guidelines in accord with the written plea agreement entered into by the state and the defendants.
Under the terms of the written plea agreement which the parties agreed to below, the defendants entered pleas of nolo contendere to the two grand theft counts herein and the state nolle prossed a burglary count. The plea agreement further provided that the sentence for each defendant
“will be imposed under the Sentencing Guidelines. A presumptive sentence will be determined based upon certain factors. The Court can depart from this presumptive sentence by one (1) cell in either direction without giving reasons. The Court can depart more than one (1) cell in either direction by stating clear and convincing reasons, in which event, I will have the right to appeal my sentence. Further, the Court may impose a sentence of up to twenty-two (22) months imprisonment even if the recommended sentencing range is any non-state prison sanction, i.e., the first cell. I understand that the maximum sentence the Court may impose is $10,000 Fine and/or ten years imprisonment.”
The permissive sentencing guidelines range (1) for the defendant Tirado was any non-state prison sanction to a three and one half (3½) years in state prison; and (2) for the defendant Gonzalez was any non-state prison sanction.
At the sentencing hearing below, the defendants both stated that they did not want to be sentenced to probation or community control, and that they preferred a jail sentence because they did not think that they could fulfill the reporting conditions of probation as they lived on a boat and had no permanent address. The trial judge stated that he interpreted this statement as a complete waiver by the defendants of their right to be sentenced within the sentencing guidelines; told the defendants that if they persisted in their request, they could be sentenced up to ten years imprisonment; and when the defendants persisted in this request, sentenced the defendants to two consecutive five-year sentences.
We conclude that the trial court was in error in interpreting the defendants’ aforesaid request as a waiver of their right to be sentenced within the sentencing guidelines; no such waiver can reasonably be inferred from such request. Moreover, the defendants’ persistence in this request after the warning issued by the trial court did not, as urged, constitute an agreement to a ten-year sentence and thus a waiver of the entire plea agreement; indeed, the prior written plea agreement was never expressly amended and at all times remained in full force and effect. This being so, the trial court erred in departing from the sentencing guidelines as its stated reason for doing so was entirely invalid. See Shull v. Dugger, 515 So.2d 748, 749 (Fla.1987); Williams v. State, 16 F.L.W. D1665 (Fla. 1st DCA June 18, 1991); Henry v. State, 498 So.2d 1006, 1007 (Fla. 2d DCA 1986); *732 Holley v. State, 483 So.2d 854, 855 (Fla. 5th DCA 1986).
We reverse the sentences under review and remand the cause to the trial court with directions to resentence the defendants within the sentencing guidelines in accord with the plea agreement.
Reversed and remanded.