DAUKSCH, Judge.
Appellant, Timothy Turner, appeals a sentence of 4lk years incarceration for violating his probation.
The record shows that appellant was charged with possession of cocaine. The trial court entered an order withholding adjudication of guilt and placing him on probation for two years. He was also ordered to serve a period of 60 days in the county jail and to perform 100 hours of community service. He was later charged with violating his probation to which he pled nolo contendere. His written plea agreement says, “That should the judge impose a guidelines sentence, I could receive up to a maximum sentence of 5 years imprisonment and a maximum fine of $5,000 or both.”
A sentencing hearing was held at which time appellant’s attorney requested a short jail term because appellant had no place to live and did not want probation or community control. Appellant wanted to go ahead and “get this over with.” The trial court asked appellant if he was refusing to accept the conditions of community control and he responded, “I believe, it would be just a return back to jail for me at this time.” The trial court instructed appellant *1364 that his refusal to accept the conditions of community control was a valid ground for a departure sentence and that he could be sentenced up to five years in the state prison. Appellant indicated that he understood but said that he did not have any place to go and would like to get on with his life. Relying upon Williams v. State, 522 So.2d 1022 (Fla. 5th DCA 1988) and Holley v. State, 483 So.2d 854 (Fla. 5th DCA 1986), the court indicated that it was departing from the sentencing guidelines because of appellant’s refusal to accept the conditions of community control or probation and sentenced him to a prison term of 4½ years.
We affirm. Appellant’s sentencing guidelines scoresheet totalled 64 points yielding a recommended guidelines sentence of any nonstate prison sanction and a permitted range of any nonstate prison sanction. The trial court is permitted to increase a defendant’s sentence by one cell for a probation violation. Fla.R.Crim.P. 3.701(d)(14). The recommended range of a second cell disposition in appellant’s case is community control or 12-30 months incarceration whereas the permitted range is any nonstate prison sanction or community control or l-3y2 years incarceration.
The trial court in the present case chose to depart from the sentencing guidelines and to sentence appellant to the third cell which has a recommended range of 2V2-3V2 years and a permitted range of community control or I-4V2 years incarceration. The court relied upon Williams and Holley in which this court held that if a defendant refuses to cooperate or accept probation or community control when that is the recommended sentence, the trial court may depart upward one cell provided the defendant is advised of possible alternatives and is given an election between the recommended guideline sentence of any nonstate prison sanction and a sentence one cell upward. Williams, 522 So.2d at 1022; Holley, 483 So.2d at 855.
Relying upon Tirado v. State, 583 So.2d 730 (Fla. 3d DCA 1991), appellant in the present case contends that the trial court’s departure sentence is based upon an invalid reason. Tirado is distinguishable from the present case, however, because the trial court in this case did not deem appellant’s refusal to receive probation or community control as a waiver of his right to be sentenced under the guidelines, as did the trial court in that case. In fact, the court’s departure sentence in this case of one cell above the permitted one-cell increase for a probation violation is in express compliance with this court’s mandate in Williams and Holley which permit a one-cell departure if the defendant is advised of possible alternatives and is given an election between the recommended guideline sentence of any nonstate prison sanction and a sentence one cell block upward.
The record in this ease shows that the trial court informed appellant that his refusal to accept the conditions of community control was a valid ground for a departure sentence and that he could be sentenced up to five years in the state prison. Appellant indicated that he understood but said that he did not have any place to go and that he would like to get on with his life. Moreover, appellant’s plea agreement expressly provided that if the trial court elected to impose a guideline sentence, he could receive a maximum sentence of 5 years imprisonment and a maximum fine of $5,000 or both. Thus, the trial court’s sentence was within the terms of the plea agreement and appellant was on notice as to the terms of that agreement. Under these facts, appellant has failed to demonstrate reversible error.
AFFIRMED.
GOSHORN, C.J., and DIAMANTES, J., concur.