PER CURIAM.
The lower court erred in the manner in which it conducted appellant’s sentencing on this violation of probation. When appellant asserted his claim to entitlement to more credit for time served than was announced by the trial court, the court withdrew its announced probationary sentence with a condition of county jail time and sentenced appellant to the maximum permitted range of thirty months in the Department of Corrections. A defendant is entitled, however, to assert his claim to proper credit for time served without fear that he will be punished for doing so by being subjected to a harsher sentence. If a defendant’s claim is knowingly false or perjurious, other remedies are available to the trial court. This is not a case like those relied upon by the state where the court made a new sentencing decision upon learning that the appellant was entitled to more time-served credit than originally con *162 templated. Here, the correct time served figure was never ascertained and appellant was credited with the same amount against the Department of Corrections sentence to which he initially objected. The court even stated that its reason for changing the sentence was that appellant was not “cooperating.” By the same token, appellant’s responses to the lower court essentially invited the court to impose the Department of Corrections sentence.
Although the lower court’s error might warrant resentencing by another judge, we conclude that, under the facts of this case, including the time already served by appellant on the appealed sentence, the interests of justice would not be served by doing so. See Holley v. State, 483 So.2d 854 (Fla. 5th DCA 1986).
AFFIRMED.
PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.