773 So.2d 610 (2000)
Clinton CLIATT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-715.
District Court of Appeal of Florida, Fifth District.
December 8, 2000.
*611 James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
This is another in the blossoming number of cases under the new Florida Rule of Criminal Procedure 3.800(b). This is a case where the trial court failed to file an order ruling on the motion within sixty days of the filing of the motion. Under the new rule, if this occurs, the motion is "deemed" denied. In a case "pending appeal"[1] such as this one, if this deadline is not met, the clerk apparently is to supplement the record with the motion and the appeal is to proceed. Here, the trial court attempted to rule on the motion within the deadline imposed by the rule, but was thwarted by the failure of others to transport appellant. Under the rule, the reason for the failure to rule does not matter and no extension is permitted. See Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000). Any order entered by the trial court after the sixty-day period expired is a nullity and the motion is deemed denied. Any sentencing error thus preserved by the filing of the motion may then be raised in the initial brief. In the present case, because the lower court acted out of time to correct the sentence, its disposition is a nullity. Appellant shall serve his initial brief within twenty days of the date of this opinion and may raise any sentencing error preserved by proper objection at the sentencing hearing or by being raised in his Rule 3.800(b) motion.
HARRIS, PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] We note that the rule's deadline for the filing of a 3.800(b) motion is not a specified number of days but is the filing of the appellant's initial brief. There is no provision, however, for what occurs if the brief is not timely filed. If the motion is filed after the brief due date but before the appellate court dismisses the appeal, according to the rule, the stay takes effect. Fla. R.Crim. P. 3.800(b)(2).