792 So.2d 601 (2001)
Omar WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3398.
District Court of Appeal of Florida, Fourth District.
August 15, 2001.
Carey Haughwout, Public Defender, and Karen Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, for appellee.
POLEN, C.J.
Omar Wilson timely appeals his sentence of 150 months imprisonment for violating his community control. We affirm, but remand for resentencing.
Wilson originally pled no contest to a charge of manslaughter with a firearm, and was sentenced to two years community control followed by five years probation. The state later alleged that Wilson violated his community control by failing to remain confined to his approved residence. On *602 the date of his final hearing, he indicated that he wished to enter an open plea and admission to the violation. The following exchange then occurred:
THE COURT: Has anyone promised you anything other than the fact [the] court would revoke your probation, adjudicate you guilty if you haven't been previously adjudicated guilty, sentences you to 128 months Florida state prison with credit for time served. Do you understand that?
[DEFENSE COUNSEL]: Your honor, before you pronounce sentence, I would like the court to hear from Mr. Wilson and hear from his fiancé.
THE COURT: What is the purpose of that since this is the bottom of the guidelines and I can't go any lower than the bottom?
[DEFENSE COUNSEL]: Well, your Honor, what we would be asking, for you to reinstate Mr. Wilson.
THE COURT: I thought there was an agreement.
[DEFENSE COUNSEL]: It's an open plea, your Honor.
THE COURT: No.
[DEFENSE COUNSEL]: He still wants to admit to the violation.
THE COURT: No. Go to a final hearing. Set it down for a final hearing. Let's proceed.
[DEFENSE COUNSEL]: Could I have a moment, your Honor?
THE COURT: That's all right. Court withdraws the offer.
* * * * *
[DEFENSE COUNSEL]: Good morning again. Emilio Benitez on behalf of Mr. Wilson on page 3.
THE COURT: Are you ready to proceed to final hearing?
[DEFENSE COUNSEL]: Yes, your honor.
Before that, I'd like to address Mr. Wilson.
Mr. Wilson, that's what you want to do? You want to go to a final hearing; is that correct?
[WILSON]: Yes, sir.
[DEFENSE COUNSEL]: You don't want to accept the court's offer of 128 months; is that correct?
[WILSON]: No.
THE COURT: And my advice to you was the court's offer was the bottom of the guidelines and in my opinion you should have taken it. Is that
[WILSON]: Excuse me?
THE COURT: Okay. Let's proceed. Let's swear in the defendant.
At the end of the hearing, the trial court found that Wilson wilfully violated his community control. The court then, without commenting on the rejected plea offer, revoked his community control and sentenced him to 150 months in prison. His sentence guidelines had ranged from 128.625 months to 214.375 months.
Prior to filing the initial brief in this appeal, Wilson, on August 23, 2000, filed in the trial court a motion to correct sentence, alleging that he was improperly sentenced under unconstitutional amendments to the 1994 sentencing guidelines. See Trapp v. State, 760 So.2d 924, 928 (Fla. 2000); Heggs v. State, 759 So.2d 620, 627 (Fla.2000). Sixty-five days later, the court, pursuant to the motion, resentenced him to 114.37 months, the top of his guideline range, but never entered a written order to that effect. The court, however, a few weeks later, asked the state to respond to Wilson's motion to correct sentencing error. In its response, the state argued that the motion was deemed denied because it had been pending for more than *603 sixty days without a ruling, see Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000), and, therefore, Wilson must seek relief by way of his pending appeal. The trial court then agreed with the state and denied Wilson's motion. This appeal followed.
We initially hold that this case should be remanded for resentencing. Florida Rule of Criminal Procedure 3.800(b) expressly provides that the trial court must rule on a motion to correct sentencing error within sixty days of filing or the motion is deemed denied. Fla. R. Crim P. 3.800(b). Once the sixty days has passed with no action on the motion, the trial court's jurisdiction ends. Hart v. State, 773 So.2d 1263, 1264 (Fla. 1st DCA 2000). Here, the trial court did not orally resentence Wilson pursuant to Heggs until sixty-five days after his rule 3.800 motion. Because the trial court no longer had jurisdiction to resentence Wilson, and it is undisputed that he was originally sentenced pursuant to the unconstitutional amendments to the 1994 sentencing guidelines, we remand this case for another resentencing pursuant to Heggs. See id.; Cliatt v. State, 773 So.2d 610, 611 (Fla. 5th DCA 2000); Kimbrough, 766 So.2d at 1257.
We disagree, however, with Wilson's contention that his original sentence was vindictive and, therefore, he should, on remand, be resentenced by a different trial judge. A defendant may not be subjected to a more severe punishment for exercising his constitutional right to stand trial. Mitchell v. State, 521 So.2d 185, 187 (Fla. 4th DCA 1988) (Hersey, C.J.; Letts and Walden, JJ., concur). However, as previously explained by this court:
Absent a demonstration by the defendant of judicial vindictiveness or punitive action, a defendant may not complain simply because he received a heavier sentence after trial. A disparity between the sentence received and the earlier offer will not alone support a finding of vindictiveness.... Having rejected the offer of a lesser sentence, [the defendant] assumes the risk of receiving a harsher sentence. Were it otherwise, plea bargaining would be futile.
Id. at 190 (citations omitted).
Here, the plea offer was given and was voluntarily rejected. The trial judge made no remarks which would give any indication that the harsher sentence was being imposed as a punitive measure for rejecting the previous offer. Although the judge reiterated the plea offer at the start of the hearing, he did not refer to it again at sentencing, or even at the resentencing. See, e.g., Gallucci v. State, 371 So.2d 148, 150 (Fla. 4th DCA 1979); Johnson v. State, 679 So.2d 831, 832-33 (Fla. 1st DCA 1996). Accordingly, we hold that Wilson was not improperly penalized for rejecting the plea offer, and may be resentenced by the same judge. See Mitchell, 521 So.2d at 190.
AFFIRMED, and remanded for resentencing.
GROSS and TAYLOR, JJ., concur.