ON REMAND

POLEN, C.J.
This case has been remanded to this court after the Florida Supreme Court issued an opinion that specifically disagrees with our previous holding. Wilson v. State, 845 So.2d 142 (Fla.2003). As a result, we issue this opinion in place of our original opinion issued August 15, 2001.
Omar Wilson timely appeals his sentence of 150 months imprisonment for violating his community control. We affirm the conviction, but remand for resentenc-ing.
Wilson originally pled no contest to a charge of manslaughter with a firearm, and was sentenced to two years community control followed by five years probation. The state later alleged that Wilson violated his community control for failing to remain confined to his approved residence. On the date of his final hearing, he indicated that he wished to enter an open plea and admission to the violation. The following exchange then occurred:
THE COURT: Has anyone promised you anything other than the fact [the] court would revoke your probation, adjudicate you guilty if you haven’t been previously adjudicated guilty, sentences you to 128 months Florida state prison with credit for time served. Do you understand that?
[DEFENSE COUNSEL]: Your honor, before you pronounce sentence, I would like the court to hear from Mr. Wilson and hear from his fiancé.
THE COURT: What is the purpose of that since this is the bottom of the guidelines and I can’t go any lower than the bottom?
[DEFENSE COUNSEL]: Well, your Honor, what we would be asking, for you to reinstate Mr. Wilson.
THE COURT: I thought there was an agreement.
[DEFENSE COUNSEL]: It’s an open plea, your Honor. •
THE COURT: No.
[DEFENSE COUNSEL]: He still wants to admit to the violation.
THE COURT: No. Go to a final hearing. Set it down for a final hearing. Let’s proceed.
[DEFENSE COUNSEL]: Could I have a moment, your Honor?
THE COURT: That’s all right. Court withdraws the offer.
* * *
[DEFENSE COUNSEL]: Good morning again. Emilio Benitez on behalf of Mr. Wilson on page 3.
*1203 THE COURT: Are you ready to proceed to final hearing?
[DEFENSE COUNSEL]: Yes, your honor.
Before that, I’d like to address Mr. Wilson.
Mr. Wilson, that’s what you want to do? You want to go to a final hearing; is that correct?
[WILSON]: Yes, sir.
[DEFENSE COUNSEL]: You don’t want to accept the court’s offer of 128 months; is that correct?
[WILSON]: No.
THE COURT: And my advice to you was the court’s offer was the bottom of the guidelines and in my opinion you should have taken it. Is that—
[WILSON]: Excúseme?
THE COURT: Okay. Let’s proceed. Let’s swear in the defendant.
At the end of the hearing, the trial court found that Wilson wilfully violated his community control. The court then, without commenting on the rejected plea offer, revoked his community control and sentenced him to 150 months in prison. His sentence guidelines had ranged from 128.625 months to 214.375 months.
Prior to filing the initial brief in this appeal, Wilson, on August 23, 2000, filed in the trial court a motion to correct sentence, alleging that he was improperly sentenced under unconstitutional amendments to the 1994 sentencing guidelines. See Trapp v. State, 760 So.2d 924, 928 (Fla. 2000); Heggs v. State, 759 So.2d 620, 627 (Fla.2000). Sixty-five days later, the court, pursuant to the motion, resentenced him to 114.37 months, the top of his guideline range, but never entered a written order to that effect. The court, however, a few weeks later, asked the state to respond to Wilson’s motion to correct sentencing error. In its response, the state argued that the motion was deemed denied because it had been pending for more than sixty days without a ruling, see Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000), and, therefore, Wilson must seek relief by way of his pending appeal. The trial court then agreed with the state and denied Wilson’s motion. This appeal followed.
We initially hold, as we did in our original opinion, that this case should be remanded for resentencing. Florida Rule of Criminal Procedure 3.800(b) expressly provides that the trial court must rule on a motion to correct sentencing error within sixty days of filing or the motion is deemed denied. Fla. R. Crim P. 3.800(b). Once the sixty days has passed with no action on the motion, the trial court’s jurisdiction ends. Hart v. State, 773 So.2d 1263, 1264 (Fla. 1st DCA 2000). Here, the trial court did not orally resentence Wilson pursuant to Heggs until sixty-five days after his rule 3.800 motion. Because the trial court no longer had jurisdiction to resentence Wilson, and it is undisputed that he was originally sentenced pursuant to the unconstitutional amendments to the 1994 sentencing guidelines, we remand this case for another resentencing pursuant to Heggs. See id.; Cliatt v. State, 773 So.2d 610, 611 (Fla. 5th DCA 2000); Kimbrough, 766 So.2d at 1257.
Further, pursuant to the mandate we now hold that the record creates an unre-butted presumption that the sentence was vindictive and therefore remand and direct that Wilson be resentenced in front of a different trial judge. See Wilson v. State, 845 So.2d 142 (Fla. 2003).
GROSS and TAYLOR, JJ., concur.