DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN S. CAMMALLERI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3518

[January 23, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 2014-CF-000067-A.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING

PER CURIAM.

We grant appellant's motion for rehearing as it pertains to the final judgment imposing civil lien and affirm appellant's conviction and sentence in all respects. We vacate our prior opinion and substitute the following.

After appellant was convicted and sentenced for one count of sexual battery on a child under 12, the trial court entered a final judgment imposing civil lien, which stated:

> **THIS MATTER** having come before the Court on September 30, 2016 pursuant to Florida Statute Section 960.293(2)(b) and finding that the Defendant has been convicted of an offense *other than a capital or life felony* and that damages are assessed at $50 per day of incarceration, it is hereby

> **ORDERED AND ADJUDGED** that Indian River County
> (Sheriff) shall recover from the Defendant damages of
> **$49,500.00**, and State of Florida (DOC) shall recover from the
> Defendant damages of **$200,500.00** which shall bear interest
> at the statutory rate pursuant to Section 55.03, Florida
> Statutes, for all of which let execution issue.

(Emphasis added). Thereafter, appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), asserting that the final judgment imposing civil lien should be amended to (1) correctly reflect that the conviction was for a capital or life felony, rather than an offense other than a capital or life felony, and (2) remove the $50 per day of incarceration language.

Because the trial court did not rule on the motion within the sixty-day time period,[1] appellant moved for rehearing on the pending rule 3.800(b) motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(1)(B). Forty-two days after the motion for rehearing was filed, the trial court ordered an expedited responsive pleading on the rule 3.800(b)(2) motion. In response, the state conceded the judgment should be amended to correctly reflect that appellant was convicted of a capital felony and that $250,000 be assessed as liquidated damages for the cost of incarceration. The trial court granted appellant's rule 3.800(b) motion and amended the first paragraph of the final judgment to state:

> THIS MATTER having come before the Court on September
> 30, 2016 pursuant to Florida Statute Section 960.293(2)(b)
> and finding that the Defendant has been convicted of a capital
> or felony offense, and that damages are assessed as follows.

Although appellant acknowledges on appeal that the trial court granted the rule 3.800(b) motion and entered an amended final judgment with the aforementioned changes, he notes that the order was rendered after the expiration of the applicable time periods set forth in rule 3.800(b).

"Florida Rule of Criminal Procedure 3.800(b) expressly provides that the trial court must rule on a motion to correct sentencing error within sixty days of filing or the motion is deemed denied." *Wilson v. State*, 846 So. 2d 1201, 1203 (Fla. 4th DCA 2003) (citing Fla. R. Crim. P. 3.800(b). "Once the sixty days has passed with no action on the motion, the trial court's jurisdiction ends." *Id.* Rule 3.800(b)(2)(B) further provides that the trial court must rule on a timely motion for rehearing within 40 days from

---

[1] According to the trial court, the motion was e-filed, but "never served and/or provided to the court."

the date of the order of which rehearing is sought or the motion is deemed denied.

In this case, the trial court did not rule on the rule 3.800(b) motion within 60 days, nor did it rule on the motion for rehearing within 40 days. Accordingly, the trial court lacked jurisdiction to grant the 3.800(b) motion and the subsequent amended final judgment is deemed a nullity.

We therefore remand for entry of a corrected, amended final judgment imposing civil lien in accordance with this opinion.

*Affirmed in part, reversed in part, and remanded.*

GROSS, MAY, JJ., and CARACUZZO, CHERYL, Associate Judge, concur.

\* \* \*