DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY L. JUDON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-2469

[September 15, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case Nos. 312018CF001297A and 312018CF001319A.

Carey Haughwout, Public Defender, and Ross Frank Berlin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

***ON CONFESSION OF ERROR***

PER CURIAM.

This is an appeal from final judgments entered in two separate cases revoking the defendant's probationary terms and resentencing him to a combined overall sentence of six years' imprisonment. On appeal, the defendant argues that he is entitled to resentencing due to certain errors on his sentencing guidelines scoresheet as to both his prior record and the offenses before the court on the admitted probation violations. The State agrees and confesses error.

The sentences imposed by the trial court were consistent with the defendant's agreement with the State that he would admit to the charged violations in exchange for an overall sentencing cap of eight years' imprisonment with no agreement as to the lowest permissible sentence other than the 14.85 months reflected on his now challenged sentencing guidelines scoresheet. The record confirms that the defendant raised the scoresheet errors at issue in a timely filed post-sentencing Rule 3.800(b)(2)

motion.[1]  *See Jackson v. State*, 983 So. 2d 562, 572 (Fla. 2008) (sentencing guidelines scoresheet error is properly preserved through a Rule 3.800(b)(2) motion) (citing *State v. Anderson*, 905 So. 2d 111, 118 (Fla. 2005)).  The State responded to the defendant's post-sentencing motion in the trial court by conceding that the asserted scoresheet errors require resentencing.  The trial court did not rule on the motion within the sixty-day period provided in Rule 3.800(b)(2), thereby resulting in the motion being deemed denied.  *See* Fla. R. Crim. P. 3.800(b)(2)(B) ("if the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied"); *Cammalleri v. State*, 270 So. 3d 369, 371 (Fla. 4th DCA 2019) (trial court loses jurisdiction to grant Rule 3.800(b)(2) motion if not ruled upon within sixty-day period provided in rule).

We accept the State's confession of error—made both in the trial court and on appeal—because it is not clear from the record that the same violation sentences would have been imposed by the trial court using a correctly computed scoresheet.  *See Anderson*, 905 So. 2d at 115-16 (reversal of sentence due to scoresheet error required if an appellate court "cannot determine conclusively from the record that the trial court would have imposed the same sentence despite the erroneous scoresheet"); *see also Green v. State*, 293 So. 3d 23, 25 (Fla. 4th DCA 2020) (scoresheet error not harmless where record did not establish conclusively that trial court would have imposed the same sentence despite error even though challenged sentence was "well above" the minimum permissible sentence); *Chambers v. State*, 217 So. 3d 210, 213-14 (Fla. 4th DCA 2017) (same).

Thus, we reverse and remand for resentencing on the admitted violations utilizing a properly computed sentencing guidelines scoresheet.

*Reversed and remanded with directions.*

KLINGENSMITH, KUNTZ and ARTAU, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Fla. R. Crim. P. 3.800(b)(2) ("If an appeal is pending, a defendant . . . may file in the trial court a motion to correct a sentencing error.").