DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

ALFONSO MIGUEL ALCANTARA-MENJIVAR,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0688

————————————————

March 4, 2026

Appeal from the Circuit Court for DeSoto County; Don T. Hall, Judge.

Jacob Grollman of Grollman Law, P.A., Bradenton, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Natalia Reyna Pimiento, Assistant Attorney General, Tampa, for Appellee.

KHOUZAM, Judge.

Following a jury trial, Alfonso Miguel Alcantara-Menjivar[1] timely appeals his judgment and sentence for fifteen counts of possession of child pornography and one count of unauthorized possession of a

———————————

[1] Mr. Alcantara-Menjivar's name is referred to inconsistently between the record and the appellate filings. Herein we adopt the nomenclature used in his filings in this court.

driver's license or identification card.  Of the several issues Mr. Alcantara-Menjivar raises on appeal, we find merit in two.

In particular, as we now explain, we must reverse the sentence and remand for resentencing because the record suggests the trial court considered an impermissible factor in imposing the sentence.  Further, as the State concedes, the public defender's fee was improperly imposed.

## BACKGROUND

Before trial, in response to questions by defense counsel, the court indicated that it would accept a plea offer by the State of seventeen years in prison—the bottom of the guidelines.  Mr. Alcantara-Menjivar declined to enter a plea and instead chose to exercise his right to a jury trial.

In later sentencing Mr. Alcantara-Menjivar after the jury found him guilty, the trial court stated:

> [A]ll right, so what we have is a crime which really, the—the community out there has considered to be something like this, of crimes against children.  There's usually, I mean, 100-percent zero tolerance for this type of behavior.  If nobody was looking at it, we probably wouldn't have this problem as much.  And this is a little different than just pictures.

> They're all horrible, but these are a series of videos that are very graphic videos.  And it's somewhat different.  I mean, obviously, we strive very hard not to penalize someone for going to trial.  But these cases are a little bit different.  And I believe that it was explained to you that it's very difficult for jurors to have to view these materials.  And they must do it as part of their service, but it's very, very difficult for them to have to sit through something like this, not to mention, what this does to enhance this horrific industry.  This sex trafficking and child pornography appears to be rampant.  It is not to be tolerated.

(Emphasis added.)  Thereafter, the court sentenced him to approximately forty-eight years in prison for the possession convictions.

2

After Mr. Alcantara-Menjivar filed his notice of appeal, he moved to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), raising the issue of improper sentencing factors.  The trial court did not file an order ruling on the motion within sixty days, so the motion is deemed denied.  *See* Fla. R. Crim. P. 3.800(b)(2)(B).

## ANALYSIS

I.  Impermissible sentencing factor

"[W]hen a trial court relies on impermissible factors in sentencing a defendant, the court violates the defendant's due process rights." *Charles v. State*, 204 So. 3d 63, 66 (Fla. 4th DCA 2016).  One such settled factor is that "[a]n accused may not be subjected to more severe punishment for exercising his constitutional right to stand trial."  *Mitchell v. State*, 521 So. 2d 185, 187 (Fla. 4th DCA 1988).

Whether a trial court has considered an impermissible factor in sentencing is a question of law subject to de novo review.  *See Charles*, 204 So. 3d at 66 (citing *Cromartie v. State*, 70 So. 3d 559, 563 (Fla. 2011)).  The burden is on the State "to show from the record as a whole that the trial court did not consider impermissible factors in rendering its sentence."  *Nichols v. State*, 283 So. 3d 947, 950 (Fla. 2d DCA 2019) (quoting *Love v. State*, 235 So. 3d 1037, 1039-40 (Fla. 2d DCA 2018)).

On its face, the court's comment suggests that there is a special rule for sentencing defendants convicted of possessing videos of child pornography under which it is permissible to penalize them for exercising their constitutional right to a jury trial.  The rationale appears to be that a harsher penalty is appropriate because of the difficulty for jurors in viewing such reprehensible material.  But "[d]ue [p]rocess requires that every element of the crime charged must be proved, to a jury, beyond a reasonable doubt."  *Gilson v. State*, 795 So. 2d 105, 110 (Fla. 4th DCA

3

2001). That necessarily includes the element of identifying the material as child pornography.

Particularly when considered in tandem with the fact that the ultimate sentence was nearly three times longer than the sentence the court said it would accept pretrial as part of a plea agreement, the court's on-the-record statement suggests that it impermissibly considered Mr. Alcantara-Menjivar's exercise of his jury trial right in sentencing him.

In response, the State makes little attempt to defend the court's comment. Rather, it simply says the court was permissibly commenting on the nature of the crimes and their impact on the judicial process. The State thus has not carried its burden to show that the court did not consider the decision to go to trial in imposing the sentence.

Under these circumstances, we are bound to reverse and remand for resentencing before a different judge. *See Lacey v. State*, 312 So. 3d 97, 100 (Fla. 4th DCA 2021) ("Because the court considered impermissible factors in sentencing, which is a violation of due process, we reverse and remand for resentencing before a different judge.").

II.    Public defender's fee

Mr. Alcantara-Menjivar also contends that the trial court erred by imposing $1,000 in costs for the public defender's fee. The State concedes that the cost was improperly imposed without notice or an opportunity to contest it. *See* § 938.29(5), Fla. Stat. (2024) (requiring "adequate notice" and the "opportunity to be heard" with respect to the public defender's fee).

We agree with Mr. Alcantara-Menjivar's argument and the State's concession. In resentencing Mr. Alcantara-Menjivar on remand, the court shall comply with the due process requirements of section 938.29(5).

Judgment affirmed; sentence reversed; remanded with instructions.

VILLANTI and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.